# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CORTEZ DARNELL WALTERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-05-127-S |
| | ) | |
| CHARLES RAY, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court for its consideration is the Defendants' Ron Turner, Russell Golden, and Mike Roberts' Motion to Dismiss and Brief in Support filed on January 9, 2006. The court rules on the motion as follows.

Plaintiff filed his Amended Complaint in this court on June 10, 2005. On September 28, 2005, defendants filed a Request for an Order for Special Report. On September 30, 2005, defendants filed a Motion to Stay Proceedings. On October 25, 2005, an order was entered staying the proceedings and calling for a special report. A special report was filed. On January 9, 2006, defendants Turner, Golden, and Roberts filed a Motion to Dismiss. In that motion, defendants argued that they did not violate plaintiff's constitutional rights.

Plaintiff appears *pro se* in this action and is an inmate in the custody of the Oklahoma Department of Corrections. During the times complained of by the plaintiff, he was confined by the Oklahoma Department of Corrections at four different prisons. Plaintiff was housed at Mac Alford Correctional Facility ("MACC")

1

until September 23, 2003, then at the James Crabtree Correctional Center ("JCCC") from September 23, 2003, to April 22, 2004, then at the Davis Correctional Facility ("DCF") from April 22, 2004, to April 19, 2005, and at the Oklahoma State Reformatory ("OSR") since April 19, 2005.

On July 31, 2003, Ron Turner, law library supervisor at MACC, discovered that one of the facility's law library books had pages torn from it. Turner reviewed the book check-out log and found that plaintiff and another inmate were the only ones to have checked out the book. Officer Allen searched plaintiff's cell and found pages from a law book. Officer Allen took these pages to library supervisor Turner and confirmed that the pages from plaintiff's cell were from the damaged law library book. Also found in plaintiff's cell were pages from other books in the law library.

After further investigation, library supervisor Turner discovered that plaintiff had torn out pages from six (6) additional books in the law library. Plaintiff was placed in the segregated housing unit pending investigation for destruction of state property. On July 31, 2003, Officer Allen issued plaintiff's misconduct report for violation of destruction of state property. The misconduct report was accepted by unit manager C.T. Hurd on August 8, 2003, and delivered to plaintiff the same day. Plaintiff pled not guilty and requested a hearing be held. On August 11, 2003, during the investigation of the misconduct report, plaintiff received a photocopy of the torn pages as well as a copy of the "Review Of Evidence" form describing the evidence against him. On August 15, 2003, case manager Russell Golden conducted a disciplinary hearing as to the plaintiff for destruction of state property. Golden found

plaintiff guilty based on the missing pages being found in his cell.  Plaintiff received thirty days of disciplinary segregation, a loss of 180 earned credits, and restitution in the amount of $190.95.  Warden Beck affirmed the finding of guilt on August 18, 2003.  On September 19, 2003, plaintiff appealed the finding of guilt to Warden Beck.  On September 22, 2003, a due process review was conducted and determined that all due process was provided to plaintiff.  Thereafter, Warden Beck affirmed the finding of guilt on September 23, 2003.  On October 1, 2003, plaintiff appealed to the Administrative Review Authority ("ARA").  The ARA conducted a due process review and found that due process was provided.

    Plaintiff transferred from MACC to JCCC on September 23, 2003.  On November 22, 2003, plaintiff received a misconduct/offense report for "Menacing" after plaintiff placed a note containing inappropriate comments on the desk of a female correctional officer.  Sgt. Kirkpatrick, disciplinary investigator for JCCC, performed the disciplinary investigation on November 24, 2003.  Oklahoma Department of Corrections policy OP-060125 section I.F.3 states "If a photograph/photocopy of the evidence is not attached to the disciplinary paperwork, a detailed description of the evidence may be competed by the investigator during the investigation.  A copy of the "Review of Evidence" form will be attached to the offense report if completed."  Sgt. Kirkpatrick conducted a review of the evidence and completed the required "Review of Evidence" form.  Sgt. Kirkpatrick also completed the "Record of Delivery of Copies of Evidence to Inmate" form which indicates, by plaintiff's signature at the bottom of the form, that plaintiff received a copy of the "Review of Evidence" form.  Correctional Officer Roberts did not give plaintiff a copy of the note because

3

plaintiff had already been given a copy of the "Review of Evidence" form by Sgt. Kirkpatrick.

Plaintiff responded to the motion to dismiss arguing, among other things, that he was entitled to the live testimony of witness Thompson and that he was entitled to a copy of the note he wrote to the female employee.

Plaintiff brings this action pursuant to 42 U.S.C. Sec. 1983. The undisputed facts reveal that plaintiff's disciplinary proceedings complied with the constitutional standards for such proceedings. In <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974) an inmate facing prison disciplinary charges is entitled to advance written notice of the charges, an opportunity to call witnesses and present documentary evidence in his defense, and a written statement by the fact finder as to the evidence relied upon and the reason for disciplinary actions.

Defendants Turner and Golden did not violate plaintiff's due process rights at his August 15, 2003, misconduct proceeding. On August 11, 2003, plaintiff received a copy of the Offense Report in advance of the hearing. Plaintiff received a copy of the investigative report, incident reports, the "Review of Evidence" form, witness statements, and a photocopy of pictures of the evidence. Plaintiff was informed of his right to present witnesses and other evidence for the hearing. Witness Thompson submitted a written statement. Plaintiff also received statements of evidence relied on and the reasons for the punishment imposed. Plaintiff had a hearing. The evidence against plaintiff included ripped out pages from several law library books which were found in plaintiff's cell. Plaintiff received all the process due him under <u>Wolff</u> and his claims that

his constitutional rights were violated by the disciplinary proceedings held August 15, 2003, are hereby dismissed.

Defendant Roberts did not violate plaintiff's due process rights regarding the disciplinary proceedings which occurred in November 2003. Plaintiff was not given a copy of the note plaintiff had written because a "Review of Evidence" form was completed by facility investigator Sgt. Kirkpatrick. According to the "Record of Delivery of Copies of Evidence to Inmate" form, plaintiff received a copy of the "Review of Evidence" form on November 25, 2003. In advance of the hearing, plaintiff received a copy of the incident report, investigator's report, "Review of Evidence" form and "Staff Representation" form noting plaintiff refused a staff representative. Plaintiff also received statements of evidence relied on and the reasons for the punishment imposed. The evidence against plaintiff included the female officer's misconduct and incident report which reflects that plaintiff gave her a note which contained inappropriate comments directed toward her. The fact that plaintiff did not receive a copy of the actual note he gave to the female staff member does not violate his due process rights. ODOC policy OP-060125 section I.F.3 states "If a photograph/photocopy of the evidence is not attached to the disciplinary paperwork, a detailed description of the evidence may be completed by the investigator during the investigation. A copy of the "Review of Evidence" form will be attached to the offense report if completed." Plaintiff received a copy of the "Review of Evidence" form on November 25, 2003. The "Review of Evidence" form gives a detailed account of the contents of the letter. Plaintiff received all the process due him under Wolff and his claims that his constitutional rights were violated during the November 2003 disciplinary proceedings is hereby dismissed. The defendants

5

Roberts, Golden and Turner's Motion to Dismiss is hereby granted and the case as to these three defendants is hereby dismissed.

**IT IS SO ORDERED** this 31st day of July, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma